UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-62510-CIV-MORENO

THE CORNFELD GROUP, LLC,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY NO.
AMR-55418-01, INDIAN HARBOR
INSURANCE CO., QBE SPECIALTY
INSURANCE CO., STEADFAST
INSURANCE CO., GENERAL SECURITY
INDEMNITY CO. OF ARIZONA, UNITED
SPECIALTY INSURANCE CO.,
LEXINGTON INSURANCE CO.,
PRINCETON EXCESS AND SURPLUS
LINES INSRUANCE CO.,
INTERNATIONAL INSURANCE CO. OF
HANNOVER, S.E.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO COMPEL ARBITRATION

Plaintiff, The Cornfeld Group, LLC, brings this statutory bad faith case following an arbitral award in its favor on its property insurance claims. Defendants, the insurers, removed this case under the removal provision of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Plaintiff moves for remand arguing its statutory bad faith insurance claim falls outside the scope of the arbitration clause and therefore, the Court lacks jurisdiction under the Convention. The Court finds the Plaintiff's case, which stems from the Defendants' handling of Plaintiff's insurance claim, is "conceivably related" to the arbitration provision such that there is jurisdiction under the Convention.

Having found there is jurisdiction under the Convention, the next issue is whether to grant the Defendants' motion to compel arbitration of the bad faith claim. Because the arbitration clause contains a delegation clause, the Court finds the arbitration panel should decide the threshold issue regarding the scope of arbitration. Accordingly, the Court denies the motion for remand and grants the motion to compel arbitration. The Court stays the case pending arbitration pursuant to 9 U.S.C. § 3.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. 8)** and Defendants' Motion to Compel Arbitration **(D.E. 4)**.

THE COURT has considered the motions, the responses, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is DENIED and the motion to compel arbitration is GRANTED.

## I.   Background

This is a statutory bad faith action under Florida Statute § 624.155 arising from the Defendants' failure to timely pay for damages caused by Hurricane Irma to Plaintiff's properties. Plaintiff purchased an insurance policy from Defendants, which provided coverage for over fifty properties with total limits of $170,219,763. On September 10, 2017, five of Plaintiff's properties sustained damages during Hurricane Irma. Plaintiff filed a claim with the Defendants on September 20, 2017. The Defendants investigated the loss and initially asserted that much of the damage was pre-existing or non-existent.

On November 6, 2017, the Defendants re-inspected the properties and issued a Reservation of Rights Letter. The letter generally cited to exclusions under the policy, but did not state which exclusions applied to each of the five properties. The Defendants sent a check for $1.25 million but did not specify what damages the check covered. Plaintiff continued to

supplement the claim, and in July 2018, submitted a proof of loss. The Defendants did not accept the proof of loss, but stated on August 13, 2018, that "they ha[d] not completed their investigation into the claim in order to fully determine the amount of covered loss." Defendants did not make any payment to Plaintiff in response to the proof of loss.

The parties decided to arbitrate the extent of damages under the arbitration clause. The clause provides as follows:

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as the "parties") in relation to this insurance including its formation and validity, and whether arising during or after the period of insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

The arbitrators conferred on the case but were unable to agree on the amount of loss. As a result, the Plaintiff filed a complaint in Broward County seeking enforcement of the policy's arbitration clause, including the appointment of a neutral arbitrator. The Defendants removed the case and the federal district court appointed a neutral umpire. On December 4, 2020, the appointed umpire entered an arbitration award in favor of the Plaintiff for approximately $36 million. Defendants paid the loss in December 2020, 39 months after Hurricane Irma.

On October 19, 2021, Plaintiff filed this bad faith action in Broward County, and the Defendants again removed the case. The complaint alleges the Defendants breached their good faith duties by failing to settle in good faith, failing to promptly communicate with the insured, failing to affirm or deny coverage for the claims, failing to provide a written statement that the claim is being investigated, failing to promptly provide a reasonable explanation in writing for the denial of Plaintiff's claims, and failing to promptly notify Plaintiff of any additional information necessary for the processing of its claims.

The Defendants removed this action. Plaintiff filed a motion to remand the case to state court claiming that its statutory bad faith claim does not fall under the ambit of the arbitration clause and the Court lacks jurisdiction. Defendants filed a motion to compel arbitration of the bad faith claim.

## II.  Legal Standard and Analysis

### A. Motion for Remand

The issue in the motion for remand is whether the Plaintiff's statutory bad faith claim falls under the insurance policy's arbitration provision, triggering this Court's jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202, 203, and 205. The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. It is incorporated into Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208.

Section 203 of the Convention provides that district courts have original jurisdiction over an action "falling under the Convention." 9 U.S.C. § 203. Section 202 defines "falling under the Convention" as: "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement." Section 205 allows for removal "where the subject matter of an action or proceedings pending in State court relates to an arbitration agreement or award falling under the Convention." The Eleventh Circuit has joined other circuit courts to agree that the "relates to" language of "Section 205 provides for broad removability of cases to federal court." *Outokumpu Stainless USA, LLC v. Converteam, SAS*, 902 F.3d 1316, 1324, (11th Cir. 2018) *reversed on other grounds, sub nom, GE Energy Power Conversion Fr. SAS v. Outukumpu Stainless USA, LLC*, 140 S. Ct. 1637 (2020). It states that "[w]hile the link between the arbitration agreement

and the dispute is not boundless, the arbitration agreement need only be sufficiently related to the dispute such that it conceivably affects the outcome of the case." This initial jurisdictional inquiry is distinct from a determination of whether the parties are bound to arbitrate. *Id.* (citing *Bautista v. Star Cruises,* 396 F.3d 1289, 1301 (11th Cir. 2005).

The question in this case is whether the bad faith claim "relates to" the arbitration agreement, which the parties do not dispute falls under the Convention. Here, the Plaintiff argues that the bad faith claim does not sufficiently "relate to" the insurance policy to create federal jurisdiction under the Convention. To determine if Plaintiff is correct, the Court must engage in a two-step inquiry to determine jurisdiction, limiting the examination to the pleadings and the removal notice. 9 U.S.C. § 205. First, the district court should determine whether the notice of removal describes an arbitration agreement that may "fall[] under the Convention." *Outokumpu*, 902 F.3d at 1324. This is not in dispute. The arbitration agreement falls under the Convention. Second, the district court must determine whether there is "a non-frivolous basis to conclude that agreement sufficiently "relates to" the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case." *Id.* The parties disagree on this point.

The arbitration clause here states that the parties must arbitrate all disputed matters "in relation to this insurance." Plaintiff argues that the agreement to arbitrate disputes under the insurance policy does not encompass Plaintiff's statutory bad faith claim, and therefore, remand is proper. The question is whether it is "conceivable" that the arbitration provision affects the outcome of the case. It does. Plaintiff's statutory bad faith claim arises from the Defendants' alleged failure to timely adjust Plaintiff's Hurricane Irma-related commercial property insurance claim and to timely pay amounts owed under the insurance policy. There is a *conceivable* connection between the Arbitration Clause and the Plaintiff's claim. The Court finds that even

5

though it is not a claim for coverage, the bad faith claim meets this low threshold and the Court has jurisdiction under the Convention.

*B. Motion to Compel Arbitration*

Having found the Court has jurisdiction, the Court must next examine whether it is proper to compel arbitration of Plaintiff's statutory bad faith claim. "In deciding a motion to compel arbitration under the Convention Act, a court conducts 'a very limited inquiry.'" *Bautista v. Star Cruises*, 396 F,3d 1289, 1295 (11th Cir. 2005) (citations omitted). Under that inquiry, "in the absence of an affirmative defense, a district court must compel arbitration under the Convention if four jurisdictional requirements are met." *Alberts v. Royal Caribbean Cruises, Ltd.*, 834 F.3d 1202, 1204 (11th Cir. 2016). The Court must determine whether these four prongs are met prior to compelling arbitration: (1) there is a written agreement within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen. *Northrop & Johnsons Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2021). As noted, *supra*, the Convention is also incorporated into Chapter 2 of the Federal Arbitration Act, which is a congressional declaration of a liberal federal policy favoring arbitration agreements. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 103 S. Ct. 927, 941 (1983). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 941. The strong policy favoring arbitration "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

Plaintiff only disputes whether prong two is met – whether the agreement provides for arbitration of this bad faith claim. Plaintiff argues that its cause of action for bad faith does not

6

involve a difference of opinion between the Insured and the Insurers with respect to the application of insurance coverage, but rather is a dispute regarding the Insurers' performance of their duties under Florida law. Plaintiff argues the Insurers' misconduct does not fall under the ambit of the arbitration clause, which requires arbitration of "all matters in difference between the Insured and the Companies, . . . in relation to this insurance, including its formation and validity[.]"

As the Court must resolve all doubts in favor of arbitration, the Court finds that the bad faith claim "relates to this insurance." The clause does not limit arbitration to coverage disputes but to any claim that relates to the parties' insurance relationship. Even if this were not the case and the claim is outside the scope of the arbitration provision, the clause delegates that decision to the Arbitration Tribunal. The agreement here contains a broad delegation clause, encompassing all issues of "formation and validity." *See Jones v. Waffle House, Inc.*, 866 F. 3d 1257, 1264 (11th Cir. 2017) ("Among other things, the parties may agree to arbitrate gateway questions of arbitrability including the enforceability, scope, applicability, and interpretation of the arbitration agreement."). Courts construing identical policy wording have uniformly concluded that this language constitutes a broad delegation clause, giving the arbitration panel exclusive authority to resolve threshold issues of arbitrability, including its validity and scope. *See Ytech 180 Units Miami Beach Inv. LLC v. Certain Underwriters at Lloyd's London*, 359 F. Supp. 3d 1253, 1265-66 (S.D. Fla. 2019); *Corpus Christi Island Apt. Villas Mgmt. Grp. LLC v. Underwriters at Lloyd's London,* (S.D. Tex. 2019) (holding that given delegation clause, arbitrator should decide the arbitrability of statutory bad faith claim); *5556 Gasmer Mgmt., LLC v. Underwriters at Lloyd's London,* 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020) ("This Court agrees that all means just that – all. But even if it somehow didn't, the delegation clause on its

face makes 'formation and validity' of the arbitration agreement part and parcel of 'all disputes' that must be submitted to arbitration.").

Where, as here, "an arbitration agreement contains a delegation provision – committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable – the courts only retain jurisdiction to review a challenge to that specific provision." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015). "Only if [the Court] determine[s] that the delegation clause itself is invalid or unenforceable may [the Court] review the enforceability of the arbitration as a whole." *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1335 (11th Cir. 2016). Plaintiff does not challenge the delegation provision. Its argument is merely that the bad faith claim falls outside the scope of arbitration. Accordingly, the Court finds the delegation provision is valid and compels the parties to arbitration. *Parnell*, 804 F.3d at 1144.

Here, the Plaintiff also argues that the Eleventh Circuit has held that arbitration agreements that prohibit statutory remedies are unenforceable. The arbitration clause provides that: "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature." Plaintiff claims that it seeks extracontractual and consequential damages in the bad faith claim, which are outside the scope of the arbitration clause. For this reason, Plaintiff argues the Court should deny the motion to compel arbitration.

The Eleventh Circuit has held that a challenge to the enforceability of an arbitration agreement on the ground that it prohibits statutory remedies is not a defense that may be raised under the Convention at the enforcement stage. *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 546 (11th Cir. 2016). The limited defenses allowed are that the agreement is "null and void, inoperative, or incapable of being performed." *Id.* Therefore, the Court finds this defense to arbitration is improper. Moreover, where there is a broad delegation clause, as is the case here,

any dispute regarding the validity of the agreement to arbitrate is properly decided by the Arbitration Tribunal. The Arbitration Tribunal should decide as a threshold matter whether the bad faith claim falls outside of the scope of that proceeding.

Finally, Plaintiff raises a choice of law argument stating that if the Court compels arbitration, the case should return to the same Arbitration Tribunal to decide the matter under Florida law. Plaintiff's choice of law and forum selection arguments extend beyond the scope of the Court's inquiry to decide the motion to compel arbitration under the Convention. Moreover, the delegation clause squarely puts choice of law and forum selection in the hands of the Arbitration Tribunal. Having found arbitration is proper in this case, the Court stays the case pending arbitration pursuant to 9 U.S.C. § 3.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd of June 2022.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record